IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARNETT COBB, : | |
| : | Case No. 4: 05-CV-581 |
| Petitioner, : | |
| : | |
| v. : | |
| : | (Judge McClure) |
| WARDEN JOSEPH V. SMITH, : | |
| : | |
| Respondent. : | |

**O R D E R**

November 28, 2005

**INTRODUCTION:**

On or about March 23, 2005, petitioner Arnett Cobb, a federal prisoner incarcerated at USP - Lewisburg, Lewisburg, Pennsylvania, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In his petition, Cobb asserts that (1) the United States Parole Commission, by keeping track of the charges against petitioner as opposed to his convictions, is portraying him as a violent sexual psychopath that is ineligible for parole; and (2) the United States Parole Commission failed to comply with the deadlines for revocation proceedings established by Long v. Gaines, 241 F. Supp. 2d 1 (D.D.C. 2002), and therefore the Commission has lost its jurisdiction over him.  Finally, Cobb challenges his

1

conviction and sentence under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).

Respondent contends that Cobb's petition should be dismissed for failure to exhaust the administrative remedy process. Respondent also asserts that Cobb's petition should be dismissed on the merits because (1) the Commission properly considered information other than the offense of conviction; (2) the Commission complied with the deadlines for revocation proceedings; (3) his sentencing judge did not violate the holding of <u>Blakely</u>; and (4) the Commission and the Bureau of Prisons maintained accurate records about Cobb.

For the following reasons we will deny Cobb's petition on the merits.

**BACKGROUND:**

Cobb was sentenced by the District of Columbia Superior Court to an aggregate sentence of 14 years, 10 months to 44 years, 6 months for burglary while armed, destruction of property, possession of narcotics, assault with intent to rape, robbery, and unauthorized use of a vehicle. On October 20, 1992, the District of Columbia Board of Parole ordered Cobb paroled from this sentence.

On September 17, 1993, the Board issued a warrant charging Cobb with violating the conditions of parole, after he was again arrested for rape. In December 1993, the Board reviewed its detainer on Cobb, and ordered that it be maintained.

On September 13, 1994, the District of Columbia Superior Court sentenced Cobb to 36 years imprisonment for rape and unauthorized use of a vehicle.

Cobb was subsequently transferred to the jurisdiction of the Parole Commission pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998); D.C.Code § 24-1231. This statute abolished the D.C. Board of Parole and transferred jurisdiction of parole decisions for all D.C. Code offenders to the Parole Commission.

On April 16, 2001, the Parole Commission conducted an initial parole hearing for Cobb on his new 36 year sentence. The Commission denied parole, and ordered that Cobb serve 36 months to rehearing in April 2004.

In January 2002 the Federal Bureau of Prisons informed the Commission that it had filed a detainer (the 1993 D.C. Board of Parole Warrant) on the Commission's behalf. On May 6, 2004, the Commission informed Cobb that it had ordered a combined reconsideration and dispositional revocation hearing.

On August 31, 2004, the Commission conducted the combined hearing and ordered that the Commission's warrant be executed upon Cobb's release from the confinement portion of his new sentence, and that the unexpired portion of his original sentence would commence upon execution of the warrant. The order was

issued on September 29, 2004. (Rec. Doc. No. 11.) At that time the Commission also ordered that Cobb's parole on the unexpired term be revoked, and that he receive no credit for his time spent on parole. Finally, the Commission denied parole on the new sentence, and ordered a reconsideration rehearing in August 2007.

**DISCUSSION:**

### I. Relevant Standard of Review

Congress has given the Parole Commission the power to make discretionary decisions regarding parole, and therefore, we will not substitute our decision for the Commission's findings. Our review is limited. When a district court reviews the Parole Commission's factual findings "[t]he inquiry is not whether the [Commission's decision] is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions embodied in its statement of reasons." Furnari v. U.S. Parole Comm'n, 125 Fed.Appx. 435, 436 (3d Cir. Mar. 8, 2005) (quoting Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir. 1976)); Gambino v. Morris, 134 F.3d 156, 160 (3d Cir. 1998).

### II. Legal Arguments

### 1. Cobb Had No Administrative Appeal Right From the Parole Commission's Decision

Respondents assert that Cobb failed to exhaust his administrative remedies. To support their argument they cite to the Bureau of Prisons three level administrative remedy process. See 28 C.F.R. §§ 542.10, 542.15. This argument is misplaced as Cobb is challenging the United States Parole Commission's order to revoke parole on his violator term from his original D.C. sentence. (Rec. Doc. No. 11.) At the time that the order was issued, September 29, 2004, Cobb, as a D.C. Code prisoner, did not have an appeal right. See 65 FR 45885-01, *45886, 2000 WL 1090158 (F.R.). The order explicitly stated that "THE ABOVE DECISION IS NOT APPEALABLE." (Rec. Doc. No. 5-6, Ex. 11, at 2.)[1]

### 2. The Commission Properly Considered Information Other than the Offense of the Conviction

The first ground in Cobb's petition is without merit. Cobb asserts that the Commission inappropriately considered the circumstances of his offenses and did not solely consider the offenses to which he pled guilty. The Commission may

---

[1]D.C. prisoners whose parole decisions were voted on after December 27, 2004 have an appeal right that is identical to the appeal right afforded United States code parolees. 28 C.F.R. § 2.105(g); see 28 C.F.R. § 2.26; Jackson v. Hastings, 2005 WL 2367605, *1 (E.D. Ky. Sept. 27, 2005); 69 FR 68791-01, *68792, 2004 WL 2680618 (F.R.) (discussing implementation of new rule at 28 C.F.R. § 2.105(g) ).

consider all relevant information, and not only the offense of conviction in making parole decisions. See, e.g., Arias v. U.S. Parole Comm'n, 648 F.2d 196, 200 (3d Cir. 1981) ("Commission has broad power to consider things other than the conviction when making its parole decision").

Additionally, we agree with respondent that the examiner's characterization of Cobb as a "violent sexual offender" (Rec. Doc. No. 5-6, Ex. 6, at 3), was supported by a rational basis in the record. Cobb has on two occasions used violence to kidnap women in their cars and to rape or attempt to rape them. (Rec. Doc. No. 5-6, Ex. 6, at 1.) Furthermore, in the Commission's Combination Initial/Dispositional Revocation Order dated September 29, 2004, the Commission only makes the formal finding of fact that Cobb had violated conditions of release as indicated by his Admission and Judgment entered September 7, 1993, and does not refer to him as a "violent sexual offender."

### 3. The Regulations and Deadlines Promulgated as a Result of Long v. Gaines are Inapplicable to Cobb's Case

Cobb asserts as the second ground of his petition that the Commission lacks administrative jurisdiction over him because it failed to comply with the deadlines established by the consent decree entered into in Long v. Gaines, 241 F. Supp. 2d 1 (D.D.C. 2002). The district court accepted the consent decree in Long so long as

the Commission converted its interim rules on D.C. parolees' probable cause and revocation hearings into final regulations. As a result of <u>Long</u>, the final regulation at 28 C.F.R. § 2.101(a) was adopted with the following language:

> **Hearing**. A parolee who is retaken and held in custody in the District of Columbia on a warrant issued by the Commission, <u>and who has not been convicted of a new crime</u>, shall be given a probable cause hearing by an examiner of the Commission no later than five days from the date of such retaking. A parolee who is retaken and held in custody outside the District of Columbia, but within the Washington DC metropolitan area, <u>and who has not been convicted of a new crime</u>, shall be given a probable cause hearing by an examiner of the Commission within five days of the parolee's arrival at a facility where probable cause hearings are conducted. The purpose of a probable cause hearing is to determine whether there is probable cause to believe that the parolee has violated parole as charged, and if so, whether a local or institutional revocation hearing should be conducted. If the examiner finds probable cause, the examiner shall schedule a final revocation hearing to be held within 65 days of such parolee's arrest.

28 C.F.R. § 2.101(a) (emphasis added).

As Cobb was convicted of a new crime while out on parole, the terms and deadlines of the regulation implemented as a result of <u>Long</u> are inapplicable to his case. Further, the purpose of 28 C.F.R. § 2.101(a) is not aimed at parolees in circumstances similar to that of Cobb. Cobb was not in custody on his parole

7

violator warrant; he was in custody on the new rape arrest and eventual conviction. Cobb did not have a right to an immediate revocation hearing simply because the detainer was lodged against him. See Moody v. Dagget, 429 U.S. 78, 87 (1976); Caruso v. United States Bd. Parole, 570 F.2d 1150, 1154 & n.7 (1978); see also Riley v. Holt, 2005 WL 1154755, *2 (M.D. Pa. May 4, 2005) (Caldwell, J.) ("It is well settled law that the Due Process right to a revocation hearing accrues when the warrant is executed, not when it is issued."). Therefore, his claim is without merit.

### 4. Cobb's Blakely Claim Should be Brought in a Motion Under Section 2255 & Blakely is Not Applicable to the Decisions of a Parole Board

Finally, Cobb urges the court to apply retroactively the holding of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), to his case. Cobb states that he "believe (sic) that the trial court's judge sentenced me illegally by enhancing my sentences with other than what I admitted to." (Rec. Doc. No. 1, at 5.) To the extent Cobb seeks to attack his sentence it is improper to make this argument in a motion under section 2241, and the proper vehicle for Cobb would be in a motion under section 2255. See 28 U.S.C. § 2255. Furthermore, Cobb's Blakely argument is without merit because Blakely does not apply retroactively. See In re Olopade, 403 F.3d 159 & n.1 (3d Cir. 2005).

It is difficult for the court to determine if Cobb is also asserting that holding

of <u>Blakely</u> should also invalidate the parole board's decision to deny him parole.  If that is his argument, however, it is also patently without merit.  The United States Supreme Court in <u>Blakely</u> addressed the determinate sentencing scheme of the State of Washington, stated that a parole board operating in an indeterminate sentencing scheme may rule on facts in the exercising of discretion, and that a parole board's ruling on facts did "not pertain to whether the defendant has had a legal *right* to a lesser sentence-and that makes all the difference as far as judicial impingement upon the traditional role of the jury is concerned."  <u>Blakely</u>, 124 S.Ct. at 2540.  (italics in original); <u>see also</u> <u>United States v. Croxford</u>, 324 F. Supp. 2d 1255, 1264-65 (D. Utah 2004) (discussing <u>Blakely</u> and the distinctions between parole decisions and sentencing decisions).  Thus, even if Cobb were to bring a <u>Blakely/Booker</u> claim in the form of a section 2255 petition it would be without merit.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Cobb's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed.  (Rec. Doc. No. 1.)

2. The clerk is directed to close the case file.

   s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge